IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BRUCE BULLOCK,

Plaintiff,

vs.

SBT, INC., and DUSTIN SCHRAD,

Defendants.

**4:26CV3044**

**AMENDED PROGRESSION ORDER**

IT IS ORDERED that the parties' Joint Motion to Amend Progression Order is granted for good cause shown. (Filing No. 21). The final progression order, Filing No. 17, is amended as follows:

1) The trial and pretrial conference will not be set at this time. Counsel believe that they will be prepared to discuss settlement, or again discuss settlement by **February 3, 2027**. (Filing No. 22). A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **February 12, 2027**, at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is August 16, 2027. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by August 30, 2027.

**Note:** A discovery motion (including a motion to compel, to quash, or for a disputed protective order, or any motion regarding the scope and production of ESI) cannot be filed without first: a) thoroughly discussing the issue with opposing counsel in good faith (NECivR 7.1(j)); and then b) contacting the

chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute. The failure to contact the court prior to filing a discovery motion may result in an order striking the motion.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | February 16, 2027. |
| For the defendant(s): | April 16, 2027. |
| Plaintiff(s)' rebuttal: | June 1, 2027. |

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

| | |
|---|---|
| For the plaintiff(s): | March 15, 2027. |
| For the defendant(s): | May 14, 2027. |
| Plaintiff(s)' rebuttal: | July 1, 2027. |

5) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is August 2, 2027.

   a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 4, plus experts.

   b. Depositions will be limited by Rule 30(d)(1).

6) The deadline for filing motions to dismiss and motions for summary judgment is August 2, 2027.

7) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is August 2, 2027.

8) Motions in limine shall be filed twenty-eight days before trial. It is not the

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.

normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report (Filing No. 16), and the proposed Joint Amended Progression Order (Filing No. 22) that are not inconsistent with this order.

10) Deadlines not specifically amended by this order are unchanged. All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 16th day of November, 2026.

BY THE COURT:

s/ Ryan C. Carson

United States Magistrate Judge